**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOSE AGUSTIN GARCIA POLANCO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-2116-D** |
| ) | |
| **WARDEN, Diamondback Correctional** ) | |
| **Facility, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER

Petitioner Jose Agustin Garcia Polanco, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. However, Petitioner failed to sign the Petition. This deficiency must be cured before the Petition can proceed in the Western District of Oklahoma.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that "the petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[1] Section 2242 requires that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf." Here, the Petition includes only a typed version of Petitioner's name but not a handwritten signature. This is not sufficient. *See Wynn by*

---

[1] The Court may apply the Habeas Rules to § 2241 petitions. *See* Habeas Rule 1(b).

*Wynn v. United States*, No. 5:25-CV-00214-GFVT, 2025 WL 1884779, at *1 (E.D. Ky. July 8, 2025) ("To be clear, a petitioner must hand write his signature in pen and ink: typing a name is not sufficient."); *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (reading "the requirement of a signature to indicate . . . a name handwritten.").

Accordingly, Petitioner must cure this deficiency before this action may proceed. To cure the deficiency, Petitioner may do one of two things.  He may either:

(1)   File an amended petition signed either by himself or an attorney of record authorized to sign it on Petitioner's behalf.  If he chooses to file an amended petition, the amended petition will supersede and replace Petitioner's original Petition. *See, e.g., Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.").

(2)   Alternatively, Petitioner may sign the signature page (page 9) of the existing Petition.  If Petitioner chooses to sign the existing Petition, he must sign the signature page using his own handwritten signature. The Court will treat this as a supplement to the Petition.  The Clerk of Court is **DIRECTED** to send Petitioner a copy of page 9 of the Petition.

Petitioner must cure the deficiency **not later than September 4, 2026.**  Failure to do so may result in dismissal of the Petition.

**IT IS SO ORDERED** this 14th day of August, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

2