**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE AGUSTIN GARCIA POLANCO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2116-D** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Agustin Garcia Polanco, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus, Doc. 1, and a supplement to the Petition, Docs. 7 and 8 (together, the "Petition"), challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. On August 13, 2026, Petitioner also filed an Emergency Motion to Preserve Jurisdiction and Prevent Transfer Pending Resolution of Petition for Writ of Habeas Corpus, Doc. 2.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Docs. 1, 7, and 8, in part and order Respondents to provide Petitioner a bond

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. <u>**Background**</u>

Petitioner, a citizen of Venezuela, entered the United States on or around May 20, 2024. Doc. 1 at 13. After entry, ICE detained Petitioner. *See id.* (discussing Petitioner's entry, ICE processing, and release from custody). At some later point, ICE placed him into removal proceedings before the Immigration Court, presumably, pursuant to 8 U.S.C. § 1229a through a Notice to Appear. *See* Doc. 1-4 at 4-6 (Petitioner's EOIR Automated Case Information). On June 28, 2022, Petitioner was released from detention. Doc. 1 at 13. On November 19, 2025, Petitioner filed an Application for Asylum. Doc. 1-3 at 3 (Asylum Application Payment Receipt). Petitioner alleges he complied with all conditions of his release, including reporting requirements. Doc. 1 at 13.

On July 21, 2026, ICE re-detained Petitioner at a scheduled check-in. *Id.* at 14. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1 at 1; Doc. 1-4 at 2 (ICE Locator at time of filing). He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 25, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his continued detention without adequate individualized justification, after he was released and complied with all reporting requirements, violates the Fifth Amendment Due Process Clause. Doc. 1 at 7, 17-18.

- **Count II: Arbitrary and Excessive Detention**. Petitioner alleges his continued detention despite less restrictive alternatives when he has complied with all reporting requirements is unlawful. *Id*. at 7, 18-20.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without a meaningful individualized bond determination before a neutral decisionmaker, where he has a history of compliance with reporting requirements, strong family and community ties, a known residence, and letters of support, violates his due process rights. *Id.* at 7-8, 20-22.

The undersigned liberally construes Petitioner to challenge his continued detention without an individualized bond hearing pursuant to § 1226(a) of the Immigration and Nationality Act ("INA"). *See* Resp. at 1 ("Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226."). He asks the Court to order his immediate release from immigration custody, or, alternatively, "a prompt and meaningful individualized bond hearing" that considers his history of compliance, family and community ties, evidence concerning flight risk and danger, and availability of alternatives to detention. Doc. 1 at 23.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. **Analysis**

While Petitioner does not explicitly allege a violation of the INA, the undersigned concludes the Court must first determine which statute governs Petitioner's detention. The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his detention without a prompt, meaningful, and individualized determination is unlawful, which the undersigned construes to be challenging his detention pursuant to § 1226(a). Doc. 1 at 20-22. Respondents maintain Petitioner is detained under § 1225(b)(2)(A) but concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

---

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert.

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)); *see also Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner").

**A. The proper remedy is a bond hearing.**

Petitioner seeks immediate release from ICE custody or, alternatively, a prompt and meaningful individualized bond hearing. Doc. 1 at 23; *see also* Reply at 3 (affirming the "Petition has consistently requested immediate release as the principal remedy and an individualized bond hearing only as an alternative"). The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs petitioner's detention, he "is therefore entitled to a bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide

---

Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

### B. The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Doc. 1 at 17-24. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Adoption of this Report and

---

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

Recommendation would **MOOT** Petitioner's pending Emergency Motion to Preserve Jurisdiction and Prevent Transfer Pending Resolution of Petition for Writ of Habeas Corpus, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 7, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE