**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE AGUSTIN GARCIA POLANCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | ) | Case No. CIV-26-2116-D |

**ORDER**

Petitioner Jose Agustin Garcia Polanco filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States on or around May 20, 2024. *Id.* at p. 13. Petitioner was detained by the U.S. Immigration and Customs Enforcement ("ICE"), processed, then released into the community. *Id.* ICE later placed Petitioner into removal proceedings before the Immigration Court, which are ongoing. [Doc. No. 1]. On July 21, 2026, Petitioner alleges he was re-detained by ICE during a routine reporting appointment. [Doc. No. 1, pp. 14–15]. He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at p. 15; *see* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Oct. 27, 2026).

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 11]. Petitioner challenges his re-detention by ICE on various grounds, including: 1) his continued detention without an individualized justification violates the Fifth Amendment Due Process Clause, 2) his continued detention

despite the availability of less restrictive alternatives is unlawful, and 3) his continued detention without an individualized bond determination violates his due process rights. [Doc. No. 1, 7, 17–20]. Construing *pro se* Petitioner's requests liberally, he requests a bond hearing pursuant to § 1226(a). [*See* Doc. No. 1]. Respondents filed a response in opposition [Doc. No. 11], to which Petitioner filed a reply [Doc. No. 12].

The matter was referred to United States Magistrate Judge Chris Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Stephens issued a Report and Recommendation ("Report"), recommending the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 13]. Judge Stephens also recommended the Court decline to address the issue of whether ICE violated Petitioner's right to due process. *Id.*

Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 14]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id.*

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Stephens' determination that Petitioner is detained pursuant to 8 U.S.C.§ 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Stephens' conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See*

*Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Additionally, the Court agrees with Judge Stephens' recommendation to decline to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 27th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.